IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN W. RHYMES, #190712, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 2:03cv902-A |
| | ) |
| DONAL CAMPBELL, Prison Comm., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #28), entered on October 12, 2005, together with Plaintiff's Objection to the Magistrate Judge's Report and Recommendations (Doc. #31), filed on October 27, 2005.  The court has conducted an independent evaluation and *de novo* review of this matter, including the entire file, and finds that Plaintiff's objections are without merit.

The Plaintiff initially asserts that, in the Recommendation, the Magistrate Judge has "gone outside the record" and is relying on information never provided to him from either the Office of the Attorney General or the Circuit Court of Coffee County, Alabama, and states that he has some doubt as to whether any such report exists.  He references pages 2-4 of the Recommendation, which provide the factual background for the case.  He does not specify the information which he alleges was not provided to him, but it appears that he is referring to the Pre-Sentence Investigation (PSI) Report.  In the Response which he filed to the Defendant's Special Report, however, he submitted as one of his exhibits a copy of one page of the Report

which he refers to as part of the "PSI Report," thus indicating in his own pleadings possession of the Report. Furthermore, the file clearly shows that the Plaintiff had access to the PSI Report at the classification hearing and had been advised before that time of the portion of the Report which was being relied upon as a basis for classifying him as a sex offender.

     The Plaintiff then objects to what he considers reliance by the Magistrate Judge on old classification criteria. The part of the Recommendation referred to, however, does not show any reliance on anything by the Magistrate Judge, but merely quotes from the notice which informed the Plaintiff of his re-classification hearing. The file reflects no reliance by anyone based on old classification criteria, but on criteria which provided for the classification as a sex offender for a person convicted of offenses other than a sex offense where there are details of record which reflect details indicating sexual overtones or that a sex offense occurred in the commission of a crime for which the inmate was convicted.

     Plaintiff states in his objection that he submitted a sworn statement from the victim that a "sex offense never took place," and that the State nol prossed charges against him for rape and possession of a firearm. The Plaintiff seems not to understand that it is immaterial whether he was actually convicted of a sex offense. What matters for prison classification purposes is whether there are details of a sexual nature underlying the offense and reflecting that the behavior in question did occur. In this case, the classification team had before them the Pre-Sentence Investigation Report prepared some four years earlier, on December 4, 1996, by the Alabama Probation & Parole Officer reciting the details of Rhymes' conduct, including chasing down the victim, who had recently ended her seven-year relationship with Rhymes, beating the victim with his fists and a gun, forcing her to perform oral sex and then raping her after forcing

her clothes off, forcing her into a truck which he commandeered after forcing the driver of the truck out at gunpoint, driving away with the victim in a high-speed chase, shooting the victim in the lower abdomen, and surrendering only after jumping from the truck and being captured in a wooded area after a five-hour standoff with police.  The classification team also had a copy of the State District Attorney's Motion to Nolle Prosequi, in which the court was requested to nol pros the charge of rape for the following reason:

> The victim in the above Rape case has contacted the District Attorney's Office and, by virtue of the sentence the defendant has previously been ordered to serve (60 years in the state penitentiary on pleas of guilty to kidnaping, robbery, and assault I), has expressed a desire not to go forward on the remaining rape charge. (Parentheses added)

The classification team also had the affidavit purportedly signed by the victim, executed on January 26, 2001, for the purpose of the hearing, in which she stated:

> I, Ruby Nell Johnson, attest that any information regarding sexually in nature that might have arrived from police records, not limited to police investigatory report(s) or their incident report; thus, incorrectly giving way to John's presentence report has been misrepresented to the degree that would allow John to be classed as a sex offender.  Hence, any given judicial-testimony in regard to the aforementioned misrepresentation, id., would have been contra-distinction; as a result, John would have not been found guilty for such criminal charges regarding sexually in nature.

Therefore, the court agrees with the Magistrate Judge that the re-classification decision was not made on the basis of admittedly false information.  She did fail to note in her Recommendation that the nol pros motion and the purported affidavit of the victim had been submitted by Rhymes, in addition to his own denial of sexual misconduct, as evidence of the Report's falsity, but that does not change the court's conclusion.  The re-classification was made on the basis of a judgment formed after viewing and evaluating the weight of all the evidence.

All of this evidence is in the Plaintiff's file and will also be available to the State Parole Board at any time the Plaintiff is considered for parole.

The Plaintiff also contends that the decision to classify him as a sex offender, and the Magistrate Judge's conclusion that Defendants committed no error in making this classification decision, derived partly from the fact that the "interested parties" are all African-American females (including the victim, Warden Mosley, Classification Supervisor Brown, and Magistrate Judge Boyd), and, therefore, they are acting in "honor and sympathy" rather than in accordance with the law. There is simply no merit to this contention. Likewise, there is no merit to the Plaintiff's conclusory assertion that the court misapplied the holding of *Monroe v. Thigpen*, 932 F.3d 1437.

For the reasons stated, the Plaintiff's objections are hereby OVERRULED. The court ADOPTS the Report of the Magistrate Judge, as supplemented by this Memorandum Opinion and Order, and ADOPTS the Recommendation of the Magistrate Judge. Therefore, it is hereby ORDERED as follows:

    1. Defendants' Motion for Summary Judgment (Doc. #12) is GRANTED.

    2. Judgment will be entered in favor of the Defendants and against the Plaintiff.

    3. Costs are taxed against the Plaintiff.

DONE this 12th day of December, 2005.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE